IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARIAN TRAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-00863-MJR- |
| ) | |
| JEREME DINTLEMAN, ) | |
| PULASKI CO. SHERIFF'S DEPT., and ) | |
| COUNTY OF PULASKI, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Marian Travis, proceeding *pro se*, brings this action for deprivations of her constitutional rights pursuant to 42 U.S.C. § 1983, and related state law claims, based on her arrest after an automobile accident, and a subsequent nonconsensual blood draw taken to determine if she had been driving under the influence of alcohol (Doc. 1). Plaintiff also seeks leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915 (Doc. 2).

Under 28 U.S.C. § 1915(a)(1), a federal district court may allow a civil case to proceed without prepayment of fees, if the movant "submits an affidavit that includes a statement of all assets [she] possesses [showing] that the person is unable to pay such fees or give security therefor." Plaintiff has done so in the instant case. However, the Court's inquiry does not end there.

Under 28 U.S.C. § 1915(e)(2), "at any time" a court can deny a qualified plaintiff leave to proceed as a pauper, or can dismiss a case if the action is clearly frivolous or malicious, fails to state a claim or is a claim for money damages against an immune defendant. 28 U.S.C. §

1915(e)(2)(B). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, on February 5, 2012, Plaintiff Travis and her daughter were driving down a rural road at dusk. A deer crossed the road in front of Plaintiff's vehicle, causing her to swerve, run off the road and hit a mailbox and utility pole. When Deputy Sheriff Jereme Dintleman arrived on the scene, he questioned how Plaintiff was going to pay for the damage. Plaintiff responded that she had insurance. Dintleman then attempted to administer a field sobriety test, but Plaintiff had difficulty understanding what he was saying and carrying out his instructions. Plaintiff states that she had injured her knee in the accident. Plaintiff was eventually handcuffed and made to lie on the ground. When Plaintiff could not raise herself from the ground, Dintleman squeezed her thumb and forefinger backward. Plaintiff was eventually transported to the hospital.

Plaintiff declined to consent to have her blood drawn, asking for an attorney and threatening to sue anyone who stuck her with a needle. Deputy Sheriff Dintleman and an unidentified man held Plaintiff still while her blood was drawn.

Plaintiff was issued citations for improper lane usage, operating an uninsured vehicle, endangering the life of a child, and driving under the influence of alcohol. She was held in jail overnight until she could post bond. The charges were also published by a newspaper. However, six months later the prosecutor dropped the charges, purportedly for lack of evidence.

Plaintiff contends that excessive force was used in the course of her arrest and when she was held still for the blood draw. She also argues that her seizure and the blood draw were unreasonable. As a result of these incidents, Plaintiff claims to have suffered emotional distress. As a result of the charges being published, Plaintiff contends she has been defamed, and that she was denied an employment opportunity.

The complaint seeks compensatory damages from Defendants Deputy Sheriff Jereme Dintleman, the Pulaski County Sheriff's Department, and Pulaski County.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into six counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1:** The defendants used excessive force against Plaintiff in effecting her seizure and arrest, in violation of the Fourth Amendment;

**Count 2:** The defendants seized Plaintiff without probable cause, in violation of the Fourth Amendment;

**Count 3:** The defendants searched Plaintiff without probable cause, in violation of the Fourth Amendment;

**Count 4:** The defendants used excessive force against Plaintiff in securing a blood draw, in violation of the Fourth Amendment;

**Count 5:** The defendants intentionally inflicted emotional distress upon Plaintiff, in violation of Illinois law; and

**Count 6:** The defendants defamed Plaintiff in violation of Illinois law.

**Discussion**

As a preliminary matter, any claims Plaintiff may have intended but which have not been recognized by the Court should be considered dismissed without prejudice, because they were not adequately pleaded under the *Twombly* pleading standard.

**The Defendants**

Each of the six recognized counts has been construed as being brought against all three named defendants, Deputy Sheriff Dintleman, the Pulaski County Sheriff's Department, and Pulaski County. However, merely naming a defendant in the caption is insufficient to state a claim. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). The narrative of events only implicates Deputy Sheriff Dintleman.

A unit of local government, like a Sheriff's Department or County Correctional Center, may be liable for its official policies and customs. *See Monell v. Department of Soc. Servs.,* 436 U.S. 658, 694 (1978); *Estate of Sims ex rel. Sims v. County of Bureau*, 506 F.3d 509, 514-15 (7th Cir. 2007). Similarly, a County may face liability for its policies or practices. *See Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008). The complaint, however, makes no mention of policies or practices. Also, in Illinois a sheriff is not considered a county policy maker, so a county may not be held liable under Section 1983 for a sheriff's misconduct; the same would hold true for a deputy sheriff. *See Carver v. Sheriff of LaSalle County, Illinois*, 243 F.3d 379, 381 (7th Cir. 2001); *Thompson v. Duke*, 882 F.2d 1180 (7th Cir.1989).

For all of these reasons, the Pulaski County Sheriff's Department and Pulaski County must be dismissed without prejudice, leaving Deputy Sheriff Dintleman as the sole defendant to Counts 1-6.

**Counts 1-5**

Counts 1-4 state colorable constitutional claims. The Fourth Amendment protects against unreasonable searches and seizures, which encompasses arrests and blood draws. *See Gonzalez v. Village of West Milwaukee,* 671 F.3d 649, 655 (7th Cir. 2012) (in re arrests); and *Sullivan v. Bornemann*, 384 F.3d 372, 377 (7th Cir. 2004) (in re blood tests). However, if there is probable to believe a person was driving under the influence of alcohol, then there is probable cause for believing a blood test will yield evidence of the offense. *See Seiser v. City of Chicago*, __F.3d__, 2014 WL 3907111, *4 (7thh Cir. Aug. 12, 2014). There is insufficient information before the Court at this early juncture so Counts 1-4 shall proceed.

Relative to Count 5, the state law claim for intentional infliction of emotional distress shall also proceed.

The Court expresses no opinion regarding whether the applicable two-year statute of limitation bars Counts 1-5, as the nature of the claims complicates the analysis.

**Count 6**

Count 6 pertains to the assertion that Plaintiff was defamed by the publication of the charges lodged against her. Plaintiff has failed to link any of the defendants to the publication, thus she has failed to state a claim. Although dismissal would typically be without prejudice, in Illinois there is a one year statute of limitations for defamation under 735 ILCS 5/13–201. A statute of limitations provides an affirmative defense and is not a pleading requirement, but the Supreme Court has recognized that a plaintiff can still plead herself out of court on such a basis. *Jones v. Bock*, 549 U.S. 199, 211-212, 215 (2007). Consequently, this claim will be dismissed with prejudice.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff Travis's motion for leave to proceed as a pauper (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, for the reasons stated, Defendants **PULASKI COUNTY SHERIFF'S DEPARTMENT** and **COUNTY OF PULASKI** are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that **COUNT 6**, the defamation claim, is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that **COUNTS 1-5** shall otherwise **PROCEED** against Defendant **JEREME DINTLEMAN**.

The Clerk of Court shall prepare for Defendant **JEREME DINTLEMAN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.

If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or

disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant Dintleman is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that her application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff.

Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that she is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in her address; the Court will not independently investigate her whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 18, 2014**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**